## UNITED STATES OF AMERICA
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MORGAN STANLEY DW, INC., | ) | |
| d/b/a Morgan Stanley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV1044-SNL |
| | ) | |
| JOSEPH CHURCH, ERIC VERHULST, | ) | |
| and STACEY CROWDER-BIELE, | ) | |
| | ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

This cause came before the Court on plaintiff Morgan Stanley DW, Inc., d/b/a Morgan Stanley's Motion for a Temporary Restraining Order. From the facts set forth in the complaint and the supporting declaration, it appears to the Court that unless defendants Joseph Church, Eric Verhulst and Stacey Crowder-Biele are immediately restrained, they will continue to commit the unlawful acts described in the verified complaint before a hearing is had on plaintiff's motion for a preliminary injunction; and that if the commission of these acts is not restrained immediately, plaintiff will suffer irreparable injury including defendants' unlawful retention of plaintiff's confidential business records and the permanent loss of customers and prospects.

The Court further finds from the facts set forth in the verified complaint that Morgan Stanley has established a likelihood of success on the merits of its claims against defendants and that the balancing of the equities as between Morgan Stanley and defendants favors the issuance of this Temporary Restraining Order, and that this Temporary Restraining Order is necessary to

preserve the status quo between the parties pending an injunction hearing.  Plaintiff has no adequate remedy at law.

**IT IS THEREFORE ORDERED** that a Temporary Restraining Order be entered, enjoining defendants, whether directly or indirectly and whether alone or in concert with others, until hearing and thereafter until further order of this Court as follows:

(a) From soliciting any business from any client or prospect of Morgan Stanley whom defendants serviced or whose name became known to defendants while in the employ of Morgan Stanley, for the purpose of doing business at defendants' new employer or otherwise, including those clients or prospects of Morgan Stanley that defendants have already solicited on behalf of their new employer;

(b) From altering, destroying, using, disclosing or transmitting information contained in the records of Morgan Stanley, including the names, addresses, and financial information of the clients and prospects, except where the customer has formally requested that his/her account be transferred to Merrill Lynch;

(c) Requiring that all original records and copies and/or other reproductions thereof, in whatever form, be immediately returned to Morgan Stanley or ordering defendants to cease using such original records and copies and/or reproductions thereof;

(d) From deleting any files from any of the individual defendants' desktop or laptop computers or Blackberry or similar devices without making and maintaining a backup of any deleted file;

(e) From soliciting any employees of Morgan Stanley to work with defendants;

(f) Also, the Court hereby orders the plaintiff and defendants to arbitrate the merits, including plaintiff's request for permanent injunctive relief of their dispute before the NASD unless settled by consent of the parties;

(g) This Temporary Restraining Order shall remain in full force and effect without further hearing until this Court specifically orders otherwise, and subject to modification and/or dissolution by the NASD arbitrators.

This Order shall not be effective until Plaintiff executes and files with the Court a bond, in conformity with the law, in the amount of Ten Thousand and no/100 Dollars ($10,000).

Dated this __5th__ day of July, 2005 at 11:45 a.m.

_____
SENIOR UNITED STATES DISTRICT JUDGE